IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**TWAN REYNOLDS, LAUREN REYNOLDS,**
**individually and as next friends of KALEIGHA**
**REYNOLDS, an infant,**

       Plaintiffs,

vs.                        Civil Action No.: 2:09-__2:09-1326__

**MATTHEW LEAVITT, individually and in his**
**former capacity as a City of Montgomery Police**
**Officer, SHAWN HUTCHINSON, individually**
**and in his former capacity as a City of Montgomery**
**Police Officer, and PETE LOPEZ, and in his former**
**capacity as a City of Montgomery Police Officer, and**
**THE CITY OF MONTGOMERY,**
**a West Virginia municipal corporation;**

**Defendants.**

## COMPLAINT

      This complaint, brought pursuant to 42 U.S.C. Section 1983, 1985 & 1988, the Fourth and Fourteenth Amendments to the United States Constitution, the West Virginia Constitution, Statutes and common law, arises out of the Defendants' unlawful arrest, detention, and brutalization of the plaintiffs on or about September 26, 2009 in the City of Montgomery, Fayette and Kanawha Counties, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

      This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1. The Plaintiffs at all times relevant to this Complaint were residents of Fayette County, West Virginia, within the Southern District .

2. Defendant Leavitt, at all times relevant to this complaint, was a police officer for the City of Montgomery Police Department acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacities.

3. Defendant Hutchinson, at all times relevant to this complaint, was a police officer for the City of Montgomery Police Department acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacities.

4. Defendant Lopez, at all times relevant to this complaint, was a police officer for the City of Montgomery Police Department acting under the color of law and within the scope of his employment. Said Defendant is sued in his individual and official capacities.

5. Defendant City of Montgomery is a municipal corporation existing under the statutes and laws of the State of West Virginia and is a political subdivision of the State of West Virginia.

## FACTS

The Plaintiffs incorporate by reference paragraphs 1-5, supra.

6. On or about the 26th day of September 2008, defendants Leavitt and Hutchinson, without probable cause, confronted the plaintiffs in Montgomery, Fayette County, West Virginia, and viciously assaulted, maced, and struck the plaintiff Twan Reynolds with a blackjack, and held him against his will in handcuffs and further grabbed the plaintiff Lauren Reynolds and held her against her will in handcuffs, all which was within the zone of danger and was observed by their infant child, Kaleigha, and all of which was without probable cause or provocation, and without any resistance whatsoever. All the while defendants Leavitt and Hutchinson were cursing, belittling, humiliating and degrading the plaintiffs and using racially derogatory terms.

7. Thereafter, at the Montgomery police station, in Fayette and Kanawha County, West Virginia, the plaintiffs were further subjected to physical, verbal and emotional battery and detained against their will on the part of the defendant police officers, including but not limited to the plaintiff Twan Reynolds, while handcuffed, being maced by defendant Leavitt, kicked and struck with a blackjack by defendant Leavitt, and plaintiff Lauren Reynolds, while handcuffed, being detained even though there was no probable cause to believe she had been driving under the influence, and being licked on the neck by defendant Leavitt. In addition, after the plaintiff kissed his wife at the police station, the defendant Leavitt sprayed mace in his own hand and rubbed the chemical in plaintiff Twan Reynolds face, eyes, and mouth, stating, "We're not having any of this shit here".

8. At all times pertinent hereto, defendant Lopez, while acting in his capacity as the police chief of the City of Montgomery, aided and abetted defendants Leavitt and Hutchinson by diverting Lt. Burrows from providing assistance and stopping the illegal actions of defendants Leavitt and Hutchinson, by failing to intercede to prevent the attacks of the defendants Leavitt and Hutchinson, and by promoting an attitude among the police department.

## STATE LAW CLAIMS
## COUNT I - -CONSTITUTIONAL TORT

9. Plaintiffs hereby reallege and incorporate by reference each and every allegation made in paragraphs 1 through 8 of this **COMPLAINT**.

10. Count I alleges a constitutional tort action under the West Virginia Constitution, pursuant to the common law of West Virginia.

11. The actions of Defendants violated the constitutional rights guaranteed to plaintiffs under Article III, Sections 1, 5, 10, and 14 of the West Virginia Constitution, which incorporates the constitutional rights guaranteed to Plaintiffs under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

12. The actions of Defendants Leavitt and Hutchinson were done in bad faith, were done maliciously, and were in violation of clearly established law, or in a wanton or reckless manner.

13. As a proximate result of Defendants' actions, plaintiffs sustained physical, mental and emotional damages, incurred medical expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

## COUNT II - - VICARIOUS LIABILITY

14. Plaintiffs incorporate herein by reference the allegations contained in Paragraph Nos. 1 through 13 of this complaint as if re-stated herein verbatim.

15. Defendant City of Montgomery has the authority to formulate, implement, and administer the policies, customs, and practices of Defendant City of Montgomery,

and the actions of Defendant City of Montgomery's agents and employees, hereinbefore designated as Defendants Leavitt and Hutchinson, represent the official policy of Defendant City of Montgomery and/or subject the defendant City of Montgomery to vicarious liability based upon the employee relationship.

16. As a proximate result of Defendants' actions as aforesaid, plaintiffs sustained physical, mental and emotional damages, and sustained medical damages and expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

## COUNT IV - - NEGLIGENCE

17. Plaintiffs hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 16 of this COMPLAINT, as if re-stated verbatim herein.

18. Defendant City of Montgomery failed to exercise reasonable care in the hiring, retention, and/or supervision of their employees, defendants Leavitt and Hutchinson.

## COUNT III - - BATTERY

19. Plaintiffs hereby realleges and incorporates by reference each and every allegation made in paragraphs 1 through 18 of this COMPLAINT, as if re-stated verbatim herein.

20. The actions of the defendants Leavitt and Hutchinson constitute battery upon plaintiffs and is actionable per se.

21. As a proximate result of Defendants' actions as aforesaid, plaintiffs sustained physical, mental and emotional damages, and sustained medical damages and expenses, suffered embarrassment, humiliation, annoyance, inconvenience,

deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

### COUNT IV - - OUTRAGEOUS CONDUCT/INTENTIONAL INFLICTION

22. Plaintiffs hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 21 of this COMPLAINT, as if restated herein verbatim .

23. The actions of individual defendant Leavitt and Hutchinson as aforesaid were outrageous, constitute the intentional inflection of mental, physical and emotional distress, were reprehensible, fraudulent, wilful and wanton, malicious, and in blatant and intentional disregard of Plaintiff's rights, thereby justifying an award of punitive damages.

24. As a proximate result of Defendants' actions as aforesaid, plaintiffs sustained physical, mental and emotional damages, and sustained medical damages and expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

25. All causes of action complained of herein against the municipal defendant seek only to recover to the extent said municipal defendants are covered by liability insurance and do not seek to recover taxpayer payments.

### COUNT V - - HATE CRIMES

26. Plaintiffs hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 25 of this COMPLAINT, as if restated herein verbatim.

27. The actions of the defendants Leavitt and Hutchinson constitute "Hate Crimes" under the meaning of Chapter 61, Article 6, Section 21 of the Official Code of West Virginia, as amended, which prohibits violations of an individual's civil or constitutional rights based on that person's race, color, religion, ancestry, national origin, political affiliation or sex, and which is made actionable by virtue of the Official Code of West Virginia, as amended, Chapter 55, Article 7, Section 9.1. As a proximate result of Defendants' actions as aforesaid, plaintiffs sustained physical, mental and emotional damages, and sustained medical damages and expenses, suffered embarrassment, humiliation, annoyance, inconvenience, deprivation of liberty and suffered otherwise, and are entitled to recover damages for the same.

### COUNT VI - - ZONE OF DANGER

28. Plaintiffs hereby realleges and incorporate by reference each and every allegation made in paragraphs 1 through 27 of this COMPLAINT, as if restated herein verbatim.

29. The actions of the defendants Leavitt and Hutchinson referred to in paragraphs nos. 1 through 5, supra, occurred within the immediate presence and zone of danger of the plaintiffs' infant child, Kaleigha, caused great emotional turmoil with said child and other damages for which leave is here prayed to amend.

### FEDERAL LAW CLAIMS
### COUNT 1 - - ILLEGAL DETENTION COGNIZABLE UNDER 42 U.S.C. 1983

30. The Plaintiffs incorporate herein by reference paragraphs 1-29 above.

31. No objectively reasonable police officer would have believed, based upon the actual facts of the case, that probable cause existed to detain the plaintiffs, transport them to the Montgomery Police Station.

32. Said defendants actions were objectively unreasonable, unlawful, unwarranted, and in violation of the said Plaintiff's clearly-established procedural and substantive rights, of which a reasonable person should have known, pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution and its counterparts in the West Virginia Constitution. Said Defendants' actions were willful, wanton, intentional, malicious and done with callous and reckless disregard for the Plaintiff's constitutional rights. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for discovery.

## COUNT II - - MONELL AND SUPERVISORY LIABILITY COGNIZABLE UNDER 24 U.S.C. 1983

33. The Plaintiffs, by reference, incorporates paragraphs 1-32 above.

34. The above-described deprivation of Plaintiff's constitutional rights were caused by implementation of customs, policies or official acts of Defendants City of Montgomery and Lopez to wit: the failure of said Defendants to adequately hire, train, supervise, and discipline its police officers regarding the circumstances which constitute probable cause for an arrest and the necessity of conducting a reasonable investigation. Said defendants City of Montgomery and Lopez failed to provide reasonable means of supervision of Officer Leavitt at a time when they knew, or should have known, that said defendant had serious anger management issues. Moreover said supervisor Lopez willfully and deliberately mandated that his officers seek out, detain, photograph and profile members of the African-American Community, which said policy violates the Fourth and Fourteenth Amendments to the United States Constitution and Article III Section 6 and Section 10 of the West Virginia Constitution.

35. Said policy, practice or custom was the direct and proximate cause of the injuries and Constitutional violations which the Plaintiffs suffered.

## COUNT III - - ARBITRARY AND UNREASONABLE STATE CONDUCT PURSUANT TO THE FOURTEENTH AMENDMENT COGNIZABLE UNDER 42 U.S.C. SECTION 1983

36. The Plaintiffs by reference incorporates paragraphs 1-35 above.

37. Defendants unlawfully arrested, imprisoned and prosecuted the Plaintiffs. Said actions were wholly arbitrary, unreasonable and malicious thus constituting a violation of the Plaintiffs's clearly established substantive and procedural due process rights protected by the Fourteenth Amendment.

## COUNT IV - - UNLAWFUL CONSPIRACY COGNIZABLE UNDER 42 U.S.C 1983 & 1985

38. The Plaintiffs by reference incorporates paragraphs 1-37 above.

39. Based on the above facts and after a reasonable opportunity for discovery the Plaintiffs will establish that the Defendants unlawfully conspired to deprive the Plaintiffs of their constitutionally protected rights as more fully described above.

40. Said defendants' actions were objectively unreasonable and violated the Plaintiffs' clearly established constitutional rights all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and their counterparts in the West Virginia Constitution. The allegations in these paragraphs are likely to have support after a reasonable opportunity for discovery.

**PRAYER**

WHEREFORE, based on the above stated facts, the Plaintiffs respectfully request that this Honorable Court award:

1. Damages against Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiffs for:

   a. Past, present and future medical expenses;
   b. Past, present and future economic damages;
   c. Past, present and future pain and suffering;
   d. Loss of enjoyment of life;
   e. Annoyance aggravation and inconvenience;
   f. Psychological, emotional distress and loss of consortium; and
   g. Any other compensatory damages to be proven at trial;
   h. Punitive damages against the individual defendants in an amount to be determined at trial;
   I. Reasonable attorney fees and costs;
   j. Any other relief that this Court deems just and equitable;
   k. All other damages provided by law;
   l. Injunctive relief requiring appropriate training, supervision and discipline in order to remedy all constitutional deprivations which the Plaintiffs suffered; and
   m. Declaratory judgment relief establishing the Defendants' above-described conduct violate the Plaintiffs' clearly established constitutional rights.

**JURY TRIAL DEMANDED**

**TWAN REYNOLDS, LAUREN REYNOLDS, individually and as next friends of KALEIGHA REYNOLDS, an infant**
by Counsel

__/s/Michael T. Clifford_____
723 Kanawha Boulevard East
Suite 1200 Union Building
Charleston, WV 25301
304-720-7662
304-720-7753fax